IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CATHERINE M. JONES,
      Plaintiff,

vs.                                 Case No.  5:06cv96/RS/EMT

MICHAEL W. WYNNE,
Secretary of the Air Force,
      Defendant.
_____/

**REPORT AND RECOMMENDATION**

        Pending before the court is Defendant's Motion to Dismiss (Doc. 8), which the court construes as motion for summary judgment.  *See* Fed. R. Civ. P. 12(b) ("If, on a motion . . . to dismiss for failure of the pleading to state a claim . . . , matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56").  Also before the court are Plaintiff's first response (Doc. 13), Defendant's reply (Doc. 14), and Plaintiff's second response (Doc. 19).[1]

I.      BACKGROUND

        Plaintiff's complaint asserts claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, based upon theories of disparate treatment and retaliation (Doc. 1 at 4).  Specifically, Plaintiff alleges that Defendant discriminated against her based on sex, race, color, and reprisal for prior Equal Employment Opportunity Commission ("EEOC") activity (*id.* at 4–5).

        At the time of the events giving rise to this cause of action, Plaintiff was employed as a secretary in the Public Affairs Office ("Public Affairs") at Tyndall Air Force Base (*id.* at 4).

---

[1]Plaintiff was granted leave to file a second response and advised that the court may treat Defendant's motion to dismiss as a motion for summary judgment (*see* Doc. 15 at 1–2).

Plaintiff alleges that she was not "given the proper rating she deserved on her April 1, 2002 thru March 31, 2003 appraisal period" by Defendant (*id.* at 5).  Plaintiff alleges that her direct supervisor, Capt. Christopher Karns, was informed by another Public Affairs employee of Plaintiff's prior EEOC activity (*id.*).  Plaintiff alleges this led Capt. Karns to give Plaintiff a "downgraded" appraisal rating (*id.*).  Plaintiff also claims that Defendant retaliated against her by denying her credit for an "outstanding" rating that Public Affairs received during a base-wide operational readiness inspection (*id.*).  Specifically, Plaintiff alleges that three other employees in the Public Affairs office received "all 9s" on their performance and were given three days off while Plaintiff was given a rating of "three 8s and six 9s with only one day off" (*id.* at 5–continuation page 1).

On August 22, 2003, Plaintiff filed an EEOC complaint asserting, among other allegations, the claims recited above (*see* Doc. 8, Ex. 1 at 1–2).  An investigation was conducted and it was suggested that Plaintiff and Defendant enter into a settlement agreement (*see* Doc. 1 at 5 continuation page 1).  On February 5, 2004, Plaintiff entered into a settlement agreement with Defendant (Doc. 1, Tab 4).  In relevant part, the settlement agreement provided that Defendant agreed to:

> a. Provide [Plaintiff] with additional software training to expand upon the basics and to enhance mission accomplishment as well as [Plaintiff's] expertise and knowledge level.
>
> b. Provide [Plaintiff] with 2 days time off award in conjunction with her performance appraisal effective 1 June 2003.
>
> c. [Plaintiff] will receive a detailed outline of specific job performance requirements, to include strengths as well as detailed improvements required.  This will be provided within 15 working days from the date of this settlement.
>
> d. Remove witness statements from the Supervisor's Record of Employee that were provided to support the counseling issued on 29 April 2003.
>
> e. [Plaintiff] may attach a personal statement to the counseling issued 29 April 2003.  This statement will comment on the issues identified in the counseling.  It will not in any manner be contrary to the terms and intent of this settlement agreement, thus [sic] will not discuss nor mention discrimination.  It will not exceed one page.

(*id.*, Tab 4 at 1).  The settlement agreement also contained a standard merger clause stating "[t]his agreement constitutes the complete understanding between [Plaintiff] and [Defendant].  No other promises or agreements will be binding unless signed by both parties" (*id.*).

Pursuant to the settlement agreement, Plaintiff concedes that she was given two additional days off as agreed in paragraph 2(b) (*see* Doc. 1 at 5 continuation page 1, ¶ 8) and was permitted to supply the statement allowed under paragraph 2(e) (*see id.* at 5 continuation page 2, ¶ 23).  In the instant complaint, Plaintiff makes no allegations concerning paragraph 2(c).[2]  Thus, the only questions that remain exclusively concern paragraphs 2(a) and 2(d) of the settlement agreement.

On April 15, 2004, Plaintiff alleges she sent a letter to Defendant's representative providing notice that Defendant was in violation of the settlement agreement (*id.* at 5 continuation page 1).  Plaintiff alleged Defendant had "not provided [] Plaintiff [with] additional computer training as agreed upon in the . . . [s]ettlement [a]greement" (*id.*).  In particular, Plaintiff alleges Defendant attempted to provide Plaintiff with college-level training courses during off-duty hours without overtime pay, on days when Plaintiff had other prior obligations (*see id.*).  Plaintiff, however, also states that "Plaintiff's supervisor prepared a training plan which consisted of on-line courses . . . [that] was to be done at the Plaintiff's desk while she continued to do her daily tasks" (*id.*).  Plaintiff is of the opinion that this training does not comply with the settlement agreement because it was to be accomplished during work hours while her "attention was constantly diverted by phones ringing[;] customers coming in and asking questions; assisting others in the office with their tasks or someone having problems with the fax or copy machine[; and] checking her E-Mail [sic] often because her supervisor constantly sent E-Mails [sic] requesting a task or tasks to be accomplished in a certain timeframe" (*id.*).

Plaintiff alleges that on May 11, 2004, Defendant's representative issued a decision finding that Defendant was not in breach of the settlement agreement because Plaintiff had refused to accept the off-duty hour college-level courses offered by Defendant (*id.*).

---

[2]In a brief to the EEOC requesting reconsideration of the EEOC's first order denying relief, Plaintiff stated "[w]ith regard to [paragraph 2(c)] of the [s]ettlement [a]greement — No Comment" (Doc. 8, Ex. 8 at 2).  The court notes Plaintiff appears to have waived her contention that Defendant was not in compliance with paragraph 2(c) of the settlement agreement (*see id.*).

Displeased with Defendant's determination, on July 2, 2004, Plaintiff appealed Defendant's determination to the EEOC (Doc. 1, Tab 5).  Plaintiff alleged Defendant violated "paragraph 2 a, c, d, and 8" of the settlement agreement (*id.*, Tab 5 at 1).[3]  In relevant part, Plaintiff alleged Defendant violated paragraph 2(a) by failing to provide college-level computer training to Plaintiff during duty hours (Doc. 1, Tab 5 at 1).  Plaintiff also alleged there were college-level courses offered during duty hours Plaintiff could have attended, but asserted Defendant failed to offer those courses to Plaintiff (*id.*).  With respect to paragraph 2(d) Plaintiff made no specific allegations (*see id.*, Tab 5 at 1–2).

On March 10, 2005, the EEOC issued its decision finding that Defendant was not in breach of the settlement agreement (Doc. 8, Ex. 5).  In relevant part, the EEOC found that paragraph 2(a) was not breached because Plaintiff received computer-based training provided by Defendant and was awarded "the following certificates for successful completion of the computer-based training: (1) on May 19, 2004, for successful completion of Introduction to Windows XP (non-audio); (2) on June 4, 2004, for Office 2000: Beginning Word; (3) on June 8, 2004, for [Office] 2000: Intermediate Word; and (4) on June 21, 2004, for [Office] 2000: Intermediate Excel" (*id.*, Ex. 5 at 3).  Thus, the EEOC affirmed Defendant's decision finding Defendant had not breached paragraph 2(a) of the settlement agreement because Plaintiff had been provided with "software training from beginner to intermediate levels" (*id.*, Ex. 5 at 3, 4).  With respect to paragraph 2(d), the EEOC found no evidence to support Defendant's determination that Defendant was not in breach of paragraph 2(d) because Defendant's decision contained only Defendant's unsupported assertion that Defendant had removed the pertinent witness statements from Plaintiff's record (*id.*).  Thus, the EEOC vacated and remanded Defendant's determination on paragraph 2(d) to Defendant so that the record could be

_____

[3]Paragraph 8 of the settlement agreement provides:

Based upon 29 CFR 1614.504, the parties further agree that if [Defendant] does not carry out or rescinds any action specified by this agreement, for any reason not attributable to the acts of [Plaintiff], upon written request to the Commander's representative (Chief EEO Counselor) within 30 days of when [Plaintiff] knew or should have known of the alleged noncompliance, [Plaintiff] may request that the terms of the negotiated settlement agreement be specifically implemented, or alternatively, that the complaint be reinstated for further processing from the point processing ceased.

(Doc. 1, Tab 4 at 2).  *See also* 29 C.F.R. § 1614.401(e) (2006) (providing, in relevant part, that Plaintiff may appeal Defendant's determination under § 1614.504 to the EEOC).

Case No. 5:06cv96/RS/EMT

supplemented with an affidavit from an appropriate agency official indicating whether the witness statements had been removed from Plaintiff's record in compliance with paragraph 2(d) of the settlement agreement (*id.*).  The court notes that the EEOC's decision informed Plaintiff of her right to request reconsideration or to file a civil action pursuant to 42 U.S.C. 2000e-16(c) (*see id.*, Ex. 5 at 4–6).

On April 6, 2005, Defendant's representative rendered its decision with respect to paragraph 2(d) (Doc. 8, Ex. 6).  Defendant's representative found that Defendant was not in breach of paragraph 2(d) based on the affidavit of Capt. Karns stating that he "personally removed all witness statements from the Supervisor's Record of Plaintiff that were provided to support the counseling issued on 29 Apr [sic] 03" (*id.*, Ex. 6 at 1, 2).

On April 12, 2005, Plaintiff filed a request for reconsideration and for a formal hearing on the EEOC's March 10, 2005 order (*id.*, Ex. 7).  Plaintiff's request for reconsideration addressed only the portion of the March 10, 2005 EEOC decision that denied Plaintiff's appeal with respect to paragraph 2(a) (*id.*, Ex. 7 at 1–2).  Plaintiff's request specifically stated that she had "No Comment" regarding paragraph 2(c) (*id.*, Ex. 7 at 2).  Additionally, Plaintiff made no arguments concerning paragraph 2(d).

On May 18, 2005, the EEOC denied Plaintiff's request for reconsideration (*id.*, Ex. 8).  The EEOC also again ordered Defendant to supplement the record with an affidavit from an appropriate agency official indicating whether the witness statements had been removed from the Supervisor's Record of Plaintiff in compliance with paragraph 2(d) of the settlement agreement (*id.*, Ex. 8 at 1). The EEOC further ordered that Defendant, after the May 18, 2005 decision became final, issue a new decision indicating whether Defendant has complied with provision 2(d) of the settlement agreement (*id.*).  The EEOC's decision denying reconsideration also informed Plaintiff of her right to file a civil action within ninety (90) days pursuant to 42 U.S.C. 2000e-16(c) (*see id.*, Ex. 8 at 2). In particular, the EEOC's decision advised Plaintiff that she has the right to file a civil action in federal court "on both that portion of your complaint which the [EEOC] has affirmed <u>and</u> that portion of the complaint which has been remanded for continued administrative processing" (*id.*) (emphasis in original).  Furthermore, the EEOC's decision informed Plaintiff that "[t]here is no

further right of administrative appeal on the decision of the [EEOC] on this request" (*id.*, Ex. 8 at 1).

At this point in 2005, Plaintiff alleges that she received letters from the Air Force dated March 22, May 25, and December 1, 2005 addressing paragraph 2(d) of the settlement agreement (Doc. 1 at 5 continuation page 2).  Plaintiff makes no specific allegations regarding the content of these letters but maintains that the EEOC "ordered [Defendant] to supplement the record with an affidavit from an appropriate agency official"; Plaintiff appears to allege Defendant has not complied with the EEOC's May 18, 2005 order (*see id.*).

On July 21, 2005, Plaintiff filed a brief with the EEOC entitled "Objection to [Defendant's] Brief in Opposition to [Plaintiff's] Appeal of Final Agency Decision as Untimely Filed and Without a Certificate of Service Showing Proof of Mailing Therefore Making it an Invalid Response" (Doc. 8, Ex. 9).  In this appeal, Plaintiff argued Defendant failed to comply with the EEOC's May 18, 2005 order by transmitting to Plaintiff an undated decision (postmarked June 20, 2005 and received by Plaintiff June 25, 2005) addressing paragraph 2(d) of the settlement agreement (*see id.*, Ex. 9 at 1, 3).  Plaintiff asserted, after restating her position on Defendant's failure to comply with paragraphs 2(a) and 2(d), that Defendant had still not shown compliance with the EEOC's order of May 18, 2005, because Defendant had not shown proof of compliance with paragraph 2(d) by supplementing the record with an affidavit as directed by the EEOC and issuing a new decision addressing whether Defendant was in compliance with paragraph 2(d) of the settlement agreement (*id.*, Ex. 9 at 3).

On November 10, 2005, the EEOC issued its decision finding that Defendant was not in breach of paragraph 2(d) of the settlement agreement (Doc. 8, Ex. 10).  As an initial matter, the EEOC noted that Plaintiff had previously filed an EEOC appeal alleging violations of paragraphs 2(a), 2(c), and 2(e) which the EEOC denied initially and on reconsideration (*id.*, Ex. 10 at 1).  The EEOC explained that it remanded Plaintiff's claim concerning paragraph 2(d) to Defendant in its May 18, 2005 decision to permit Defendant to supplement the record with evidence supporting Defendant's decision that he was not in violation of paragraph 2(d) (*id.*).  The EEOC also explained that Defendant was ordered to issue a <u>new</u> decision concerning only paragraph 2(d) (*id.*, Ex. 10 at 1–2).  Then, the EEOC noted that the July 21, 2005 appeal (the appeal currently before the EEOC) arose from Defendant's new decision finding that Defendant was not in violation of paragraph 2(d)

of the settlement agreement (*id.*, Ex. 10 at 2).  Turning to the question of whether Defendant was in compliance with paragraph 2(d), the EEOC found Defendant was in compliance with paragraph 2(d) of the settlement agreement and affirmed Defendant's decision (*id.*).  The EEOC's decision informed Plaintiff of her right to request reconsideration or to file a civil action pursuant to 42 U.S.C. 2000e-16(c) (*see id.*, Ex. 10 at 2–3).

On December 14, 2005, Plaintiff filed a request for reconsideration (*id.*, Ex. 11).  The EEOC denied Plaintiff's request on February 10, 2006 (*id.*, Ex. 12).  The EEOC's denial of Plaintiff's request for reconsideration informed Plaintiff that she had a right to file a civil action in United States District Court within ninety (90) days from the date Plaintiff receives the EEOC's decision (*id.*, Ex. 12 at 1).  The EEOC's denial of reconsideration also informed Plaintiff that "[t]here is no further right of administrative appeal on the decision of the [EEOC] on this request" (*id.*).

Plaintiff filed the instant action on May 12, 2006 (Doc. 1 at 7).

II.    DISCUSSION

Rule 12(b) of the Federal Rules of Civil Procedure provides that "[i]f, on a motion . . . to dismiss for failure of the pleading to state a claim . . . , matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  *See* Day v. Taylor, 400 F.3d 1272, 1275–76 (11th Cir. 2005); Goodman v. Sipos, 259 F.3d 1327, 1332 n.6 (11th Cir. 2001).  "[O]nce the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment." Property Mgmt. & Inv., Inc., v. Lewis, 752 F.2d 599, 604 (11th Cir. 1985) (citing Carter v. Stanton, 405 U.S. 669, 671, 92 S. Ct. 1232, 31 L. Ed. 2d 569 (1972)).  If the court converts a motion to dismiss into one for summary judgment, Rule 12(b) requires that both Parties be afforded an opportunity to submit all material made pertinent to a motion for summary judgment.  *See* Fed. R. Civ. P. 12(b).  Plaintiff was granted leave to file a supplemental response and was specifically advised that "she should file and serve affidavits and other documents or materials required by" Rule 56 (Doc. 15 at 1).  Both Plaintiff and Defendant have submitted materials outside the pleadings (*see* Docs. 8, 13, 14, 19).

A.    Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  "[T]he substantive law will identify which facts are material" and which are irrelevant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *See id.*

At the summary judgment stage, a court's function is not to weigh the evidence to determine the truth of the matter, but to determine whether a genuine issue of fact exists for trial.  *See id.* at 249, 106 S. Ct. at 2510–11.  A genuine issue exists only if sufficient evidence is presented favoring the nonmoving party for a jury to return a verdict for that party.  *See id.* " If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust Co. v. Fidelity and Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

When assessing the sufficiency of the evidence in favor of the nonmoving party, the court must view all the evidence, and all factual inferences reasonably drawn from the evidence, "in the light most favorable to the non-moving party."  Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993).  The court is not obliged, however, to deny summary judgment for the moving party when the evidence favoring the nonmoving party is "merely colorable or is not significantly probative."  Anderson, 477 U.S. at 249–50, 106 S. Ct. at 2511.  "A mere 'scintilla' of evidence supporting the . . . [nonmoving] party's position will not suffice" to demonstrate a material issue of genuine fact that precludes summary judgment.  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (quoting Anderson, 477 U.S. at 252, 106 S. Ct. at 2512).

B.      Timeliness of Plaintiff's Paragraph 2(a) Claim

Defendant alleges Plaintiff's claim that Defendant breached paragraph 2(a) of the settlement agreement should be dismissed because Plaintiff failed to file her claim within the ninety (90) days

allowed by 42 U.S.C. § 2000e-5(f)(1) (*see* Doc. 8 at 7–8).[4]  Specifically, Defendant alleges that Plaintiff's complaint fails to state a claim because she should have filed her complaint with this court on or before ninety (90) days after the EEOC's May 18, 2005 decision denying her request for reconsideration of the EEOC's decision on paragraph 2(a) (*id.*).  As was explained *supra*, the EEOC's May 18, 2005 decision also instructed Defendant to supplement the record regarding Plaintiff's paragraph 2(d) claim, and after the May 18 decision became final, to issue a new decision indicating whether Defendant had complied with provision 2(d) of the settlement agreement (*see id.*).  The May 18 decision also informed Plaintiff of her right to file a civil action within ninety (90) days pursuant to 42 U.S.C. 2000e-16(c) (*see id.*, Ex. 8 at 2).  In particular, the EEOC's decision advised Plaintiff that she has the right to file a civil action in federal court "on both that portion of your complaint which the [EEOC] has affirmed <u>and</u> that portion of the complaint which has been remanded for continued administrative processing" (*id.*) (emphasis in original).

In response, Plaintiff argues that the EEOC's decision in this case did not become final until it issued its February 10, 2006 decision denying reconsideration of Plaintiff's previously remanded paragraph 2(d) claim (Doc. 13 at 4–5).  Plaintiff contends that according to Defendant's argument, Plaintiff would be required to file a civil action in federal court while a portion of her claim was still pending before the EEOC (*see id.*).  Plaintiff asserts that this conclusion does not make sense because "the federal law for a civil action cannot have [one-half] of the . . . [c]ase open in Federal District Court and the other half open in the EEOC" (*id.* at 4).

Plaintiff is a federal employee, as such the timeliness issue in this case is governed by 42 U.S.C. § 2000e-16(c) and not by § 2000e-5(f)(1).  *See, e.g.*, <u>Conkle v. Potter</u>, 352 F.3d 1333, 1136 (10th Cir. 2003) (§ 2000e-5(f)(1) applies to discrimination claims brought by private sector employees); *see also* <u>Ellis v. England</u>, 432 F.3d 1321, 1336 (11th Cir. 2005) (explaining that a "federal employee unhappy with the administrative decision may bring a claim in the federal district court and obtain the same de novo review that a private sector employee receives in a Title VII action pursuant to 42 U.S.C. § 2000e-16(c)").  Under § 2000e-16(c), a federal employee must file

---

[4]The court shall also consider Defendant's motion as asserting that he is entitled to summary judgment on Plaintiff's paragraph 2(a) claim (*see* Doc. 8 at 15 ("Defendant respectfully submits that he is entitled to summary judgment in his favor")).

a discrimination action in federal district court "[w]ithin 90 days of receipt of notice of final action taken by . . . the [EEOC]."  A separate set of federal regulations governs discrimination actions brought by federal employees, *see* 29 C.F.R. Part 1614 (titled "Federal Sector Equal Employment Opportunity"), and those regulations provide that a federal employee who has filed an administrative appeal with the EEOC "is authorized . . . to file a civil action in an appropriate United States District Court . . . [w]ithin 90 days of receipt of the [EEOC's] final decision on an appeal."  29 C.F.R. § 1614.407(c) (2006).[5]  The regulations further provide that "[a] decision [of the EEOC in an administrative appeal] is final within the meaning of Section 1614.407 unless the [EEOC] reconsiders the case.  A party may request reconsideration within thirty (30) days of receipt of a decision of the [EEOC]" 29 C.F.R. § 1614.405(b) (20006).  The Tenth Circuit explained in <u>Conkle</u>, that "when a reconsideration request is timely filed, the EEOC's decision on appeal becomes 'final' only when that request is granted or denied."  <u>Conkle</u>, 352 F.3d at 1336 (internal quotations and citations omitted); *see also* <u>Holley v. Dept. of Veteran Affairs</u>, 165 F.3d 244, 246 (3d Cir. 1999) (reaching the same conclusion based on the 1992 version of § 1614.405(b)); <u>Lorenzo v. Rumsfeld</u>, 456 F. Supp. 2d 731, 737 (E.D. Va. 2006) (explaining that when a plaintiff appeals to the EEOC, the EEOC's decision is the final decision of the agency, unless plaintiff requests reconsideration within thirty days); <u>Monoken v. Blair</u>, No. Civ. A. 03-01775HHK, 2005 WL 3273091, at *5 (D. D.C. Sept. 27, 2005) (citing § 1614.405(b) and explaining "that an EEOC decision on appeal is final unless either party files a timely request for reconsideration"); <u>Williams v. Henderson</u>, No. Civ. A. 00-2209, 2001 WL 246407, at *4 (E.D. La. Mar. 12, 2001) (explaining that in the context of § 1614.405(b), "the [initial] decision of the [EEOC] would have been a 'final decision' under Section 1614.407(c), except that [plaintiff] filed a timely request for reconsideration, which rendered the decision non-final pursuant to Section 1614.405(b) . . . . Because the [initial EEOC] decision was

---

[5]29 C.F.R. § 1614.504(a) (2006) provides an administrative process for enforcing settlement agreements when a plaintiff believes that a defendant is not complying with the terms of the agreement.  Section 1614.504 does not describe the right of a plaintiff to bring an action to enforce a settlement agreement in federal court.  However, settlement agreements covered by § 1614.504 are specifically included in 29 C.F.R. § 1614.401(e), which provides a process for appealing an agency's decision.  Finally, 29 C.F.R. § 1614.407(c) specifically provides that a plaintiff may file a civil action within ninety (90) days of the receipt of the EEOC's final decision on an appeal.

not final, the 90-day limitations period did not begin to run until it was final, which occurred when

the [EEOC] denied plaintiff's request for reconsideration").

In De Luca v. Chertoff, No. 06-61465-CV-COHN/SNOW, 2007 WL 1050864, at *3 (S.D.

Fla. Apr. 4, 2007), the United States District Court for the Southern District of Florida recently

explained the effect of untimely filing a complaint pursuant to § 2000e-16(c) in federal court.

> Although some circuits view the 90 day time limitation as a jurisdictional
> requirement, in the Eleventh Circuit, "all Title VII procedural requirements to suit
> are . . . to be viewed as conditions precedent to suit rather than as jurisdictional
> requirements." Fouche v. Jekyll Island-State Park Auth., 713 F .2d 1518, 1525 (11th
> Cir. 1983); see also Nat'l Cement Co. v. Federal Mine Safety & Health Review
> Comm'n, 27 F.3d 526, 530 (11th Cir. 1994); Ross v. United States Postal Service,
> 814 F.2d 616 (11th Cir. 1987).  But see Gaballah v. Johnson, 629 F.2d 1191, 1199
> n. 11 (7th Cir. 1980) (Title VII time limit is jurisdictional prerequisite); Eastland v.
> Tenn. Valley Auth., 553 F.2d 364, 368 (5th Cir. 1977) (same); Cynthia Reed, Note,
> Time Limits for Federal Employees Under Title VII: Jurisdictional Prerequisites or
> Statues of Limitation?, 74 Minn. L. Rev. 1371 (1990) (discussing circuit split).
> Classifying the time limitation as a condition precedent rather than a jurisdictional
> requirement has two practical and procedural consequences.  First, failure to meet
> the deadline requires dismissal for failure to state a claim pursuant to Federal Rule
> of Civil Procedure 12(b)(6) rather than for lack of subject matter jurisdiction in
> accordance with Rule 12(b)(1).  Howell v. Dep't of the Army, 975 F. Supp. 1293,
> 1296 (M.D. Ala. 1997) (citing Oaxaca v. Roscoe, 641 F.2d 386, 391 (5th Cir. 1981)).
> Second, equitable tolling can be applied to excuse untimely filings.  Id. (citing
> Mosley v. Pena, 100 F.3d 1515, 1517 (10th Cir. 1996); Van Zant v. KLM Royal
> Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996)). The " 'complaining party in a Title
> VII case bears the burden of providing the justification for application of equitable
> tolling principles.' " Id. (quoting Wilson v. Sec., Dep't of Veterans Affairs, 65 F.3d
> 402, 404 (5th Cir. 1995)).

De Luca, 2007 WL 1050864, at *3.

The matter of whether Plaintiff timely filed her paragraph 2(a) claim is dispositive.

Plaintiff's case appears procedurally complex because the EEOC initially affirmed Defendant's

determination that paragraph 2(a) of the settlement agreement was not breached (see Doc. 8, Ex. 5

at 3, 4).  In the same order, however, the EEOC also vacated Defendant's determination with respect

to Plaintiff's paragraph 2(d) claim and remanded the paragraph 2(d) claim to Defendant for further

action (id., Ex. 5 at 4).  On May 18, 2005, the EEOC denied Plaintiff's request for reconsideration

of her appeal on her paragraph 2(a) claim (see id., Ex. 8 at 1).  The EEOC's order made it clear that

its May 18, 2005 decision was a final decision and explicitly stated that "[t]here is no further right of administrative appeal on the decision of the [EEOC] on this request" (*id.*). The EEOC's May 18 denial of reconsideration also made it clear that, "[w]ithin 30 days of the date that this [(May 18, 2005)] decision becomes final, [Defendant] shall issue a <u>new decision indicating whether [Defendant] has complied with [paragraph] 2(d) of the [] settlement agreement</u>" (*id.*) (emphasis supplied). Finally, the EEOC's May 18 decision advised Plaintiff of her right to file a civil suit under § 2000e-16(c) within ninety (90) days from the date that she receives "this decision on both that portion of your complaint which the [EEOC] has affirmed <u>and</u> that portion of the complaint which has been remanded for continued administrative processing" (*see id.*, Ex. 8 at 2) (emphasis in original).

The record does not reveal when Plaintiff received the EEOC's May 18, 2005 decision. It is apparent, however, from Plaintiff's July 21, 2005 appeal with respect to her paragraph 2(d) claim that she received the EEOC's May 18, 2005 decision before filing her paragraph 2(d) appeal (*see id.*, Ex. 9 at 3) (Plaintiff wrote that "[o]n May 18, 2005, the EEOC issued a denial and order"). Furthermore, unless a plaintiff presents evidence to the contrary, courts have presumed that a plaintiff receives a notice of her right to sue between three and seven days after the EEOC mails it to the address provided. *See, e.g.*, <u>Taylor v. Books A Million, Inc.</u>, 296 F.3d 376, 379–80 (5th Cir. 2002); *see also* <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 148 n.1 (1984) (adopting the Federal Rule's three-day presumption); Fed. R. Civ. P. 6(e). Giving Plaintiff the benefit of every doubt, Plaintiff received the EEOC's May 18, 2005 decision on or about May 25, 2005. *See* <u>Taylor</u>, 296 F.3d at 379–80; *see also* <u>Baldwin County</u>, 466 U.S. at 148 n.1; Fed. R. Civ. P. 6(e). At the very latest, Plaintiff received the EEOC's May 18, 2005 decision on or before July 21, 2005 (*see* Doc. 8, Ex. 9 at 3). Therefore, Plaintiff's complaint filed on May 12, 2006, to the extent that it addresses paragraph 2(a) of the settlement agreement, was filed far outside the ninety-day time limit provided by 42 U.S.C. § 2000e-16(c) and 29 C.F.R. 1614.407(c). Furthermore, Plaintiff has not shown that she is entitled to any type of equitable tolling on her paragraph 2(a) claim. *See* <u>Howell</u>, 975 F. Supp. at 1296 (noting the " 'complaining party in a Title VII case bears the burden of providing the justification for application of equitable tolling principles.' " (quoting <u>Wilson v. Sec., Dep't of</u>

<u>Veterans Affairs</u>, 65 F.3d 402, 404 (5th Cir. 1995)).[6]  Accordingly, Plaintiff has not alleged sufficient facts to show that the filing of her paragraph 2(a) claim was timely and Defendant is entitled to summary judgment on Plaintiff's claim with respect to paragraph 2(a).  *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. 1614.407(c); *see also* <u>Wiley v. Johnson</u>, 436 F. Supp. 2d 91, 96 (D. D.C. 2006) (explaining that courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day); <u>Smith v. Dalton</u>, 971 F.Supp. 1, 2–3 (D. D.C.1997) (suit filed ninety-one days after final agency action is barred).[7]

---

[6]The Supreme Court has explained "[w]e have allowed equitable tolling in situations where the claimant has actively pursued [her] judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass.  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving [her] legal rights."  <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).  In other words, to apply equitable tolling, a plaintiff must have exercised due diligence and her excuse for the delayed filing must be "more than a garden variety claim of excusable neglect."  <u>Battle v. Rubin</u>, 121 F. Supp. 2d 4, 8 (D. D.C. 2000).  Furthermore, federal law allows Title VII claimants to benefit from equitable tolling "only sparingly."  <u>Irwin</u>, 498 U.S. at 95, 111 S. Ct. at 457.
     In this case, the EEOC's order made it clear that its May 18, 2005 decision was a final decision and explicitly stated that there is no further right of administrative appeal on the decision of the EEOC on this request (*see* Doc. 8, Ex. 8 at 1).  Further, the EEOC's decision directed Defendant to issue a <u>new decision</u> indicating whether Defendant has complied with paragraph 2(d) of the settlement agreement (*id.*).  Finally, the EEOC's May 18 decision informed Plaintiff of her right to file suit on "both that portion of your complaint the [EEOC] has affirmed <u>and</u> that portion of the complaint which has been remanded for continued administrative processing" (*id.*, Ex. 8 at 2) (emphasis in original).
     Plaintiff makes two arguments that can be construed as requests for equitable tolling (*see* Doc. 13 at 3, 4, 5).  First, Plaintiff's argues that the "EEOC left the case open where [] Plaintiff could file a right to [sic] civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement" (*see, e.g.*, *id.* at 3, 4).  This argument not only contradicts the EECO's May 18 notice to Plaintiff, but it is also contrary to law (*see* Doc. 8, Ex. 8 at 2 (informing Plaintiff of her right to sue on both the portion of the "complaint the [EEOC] has affirmed <u>and</u> that portion of the complaint" which has been remanded (emphasis in original)).  *See also* 42 U.S.C. § 2000e-16(c) (a federal employee must file a discrimination action in federal court "[w]ithin 90 days of receipt of notice of final action taken by . . . the [EEOC]"); 29 C.F.R. § 1614.407(c) (a federal employee "is authorized . . . to file a civil action in an appropriate United States District Court . . . [w]ithin 90 days of receipt of the [EEOC's] final decision on an appeal").  Second, "in [] Plaintiff's opinion[,] the federal law for a civil action cannot have one half of the District Court Case  [sic] open in Federal District Court [sic] and the other half open in the EEOC final ruling authority" (Doc. 13 at 4).  Plaintiff's second argument does not excuse her neglect.  The EEOC clearly provided Plaintiff with notice that she was required to file a lawsuit within ninety (90) days of her receipt of the May 18, 2005 decision (*see* Doc. 18, Ex. 8 at 1–2).  Plaintiff's misunderstanding regarding the time for filing suit was not induced by an adversary's trickery or misconduct.  Thus, Plaintiff has not shown that she is entitled to any type of equitable tolling on her paragraph 2(a) claim.  *See, e.g.*, <u>Wilson</u>, 65 F.3d at 404; <u>Howell</u>, 975 F. Supp. at 1296.

[7]The court's conclusion that Plaintiff's claim regarding paragraph 2(a) is not timely is buttressed by the Middle District of Alabama's similar decision in <u>Puckett v. Potter</u>, 342 F. Supp. 2d 1056, 1064–65 (M.D. Ala. 2004).  In <u>Puckett</u>, the court, among other things, addressed the timeliness of plaintiff's complaint.  *Id.*  In a September 1998 order, the EEOC found in favor of plaintiff and ordered defendant to pay plaintiff any backpay she was due.  *Id.* at 1059.  The September 1998 decision, however, found plaintiff's calculation of the backpay she was due to be erroneous and ordered that she only receive backpay for the extra hours that she would actually have worked during the relevant period.  *Id.*

C.     Removal of Statements from Plaintiff's Record Pursuant to Paragraph 2(d) of the
       Settlement Agreement

Defendant argues that he is entitled to summary judgment on Plaintiff's paragraph 2(d) claim (Doc. 8 at 12–15).   In its entirety, paragraph 2(d) of the settlement agreement provides that Defendant agrees to "[r]emove witness statements from the Supervisor's Record of Employee that were provided to support the counseling issued on 29 April 2003" (Doc. 1, Tab. 4 at 1).   Defendant argues that Capt. Karn's uncontested affidavit shows Defendant complied with this paragraph (Doc. 8 at 12, 13–14).   Additionally, Defendant argues Plaintiff does not allege Defendant failed to remove the witness statements from Plaintiff's record; instead, Defendant contends that Plaintiff argues "Defendant failed to 'authenticate' that the witness statements had been removed" (*id.* at 13).   To the extent Plaintiff appears to argue Defendant must supply "authentication," Defendant asserts that paragraph 2(d) requires only removal of the referenced witness statements and nothing more (*see id.*).

In her complaint, Plaintiff alleges Defendant breached paragraph 2(d) of the settlement agreement (Doc. 1 at 5 continuation page 2, ¶ 22).   Specifically, Plaintiff asserts Defendant breached this paragraph by allowing "an affidavit from an interested party . . . stating that he had removed the witness statements from the Supervisor's Record of Employee" (*id.* at 5 continuation page 2, ¶ 19).   Plaintiff further alleges that she requested that Defendant "authenticate that the witness statements have been removed" (*id.* at 5 continuation page 2, ¶ 20).   Interestingly, Plaintiff never specifically

---

Subsequently, defendant determined that it was in compliance with the September 1998 order and issued a report supporting its conclusion.  *Id.* at 1060.  Plaintiff took issue with defendant's determination and appealed to the EEOC.  *Id.*  In April 2003, the EEOC issued a decision finding that defendant had complied with the September 1998 order.  *Id.*  Within 90-days of the EEOC's April 2003 order, Plaintiff filed suit in district court.  *Id.* at 1064.   The Potter court explained that plaintiff's suit was not attempting to challenge the EEOC's 2003 determination that defendant complied with the September 1998 decision, rather, Plaintiff was attempting to challenge the EEOC's September 1998 determination that she was due less backpay than she had calculated.  *See id.*  Accordingly, the court found that plaintiff should have brought her suit within ninety (90) days of the EEOC's September 1998 decision, not within ninety (90) days of the EEOC's April 2003 determination that defendant had complied with the September 1998 decision.  *Id.*

Applying Potter's logic to Plaintiff's paragraph 2(a) claim results in the same outcome.  The EEOC issued its final denial of Plaintiff's paragraph 2(a) claim on May 18, 2005 (Doc. 8, Ex. 8 at 1–2).  The EEOC also ordered Defendant to continue processing Plaintiff's paragraph 2(d) claim and issue a new decision (*id.*).  Thus, the EEOC's May 18, 2005 denial of Plaintiff's paragraph 2(a) claim triggered the ninety-day period.  *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. 1614.407(c).  Plaintiff's instant paragraph 2(a) claim is time-barred because it was not instituted within ninety (90) days of her receipt of the EEOC's May 18, 2005 decision.  Plaintiff cannot piggy-back her paragraph 2(a) claim onto her subsequent paragraph 2(d) claim and use the EEOC's subsequent denial of her paragraph 2(d) claim as a means to reopen the EECO's May 18, 2005 final denial of her paragraph 2(a) claim.  *See* Potter, 342 F. Supp. 2d at 1064–65.

alleges Defendant failed to remove the referenced witness statements.  Giving Plaintiff the benefit of every doubt, however, the court will construe Plaintiff's complaint as alleging that the referenced witness statements were not removed from her record by Defendant in accordance with paragraph 2(d) (*see id.* at 5 continuation page 2, ¶¶ 19–22).  In response to Defendant's motion, Plaintiff argues only that "Plaintiff has a legal claim before this [court for] non-compliance" with paragraph 2(d) of the settlement agreement (Doc. 13 at 5).  Plaintiff states no other support for her position.

In relevant part, 29 C.F.R. 1614.504(a) (2006) provides: "[a]ny settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties."  The construction of a settlement agreement is a question of law. Schwartz v. Fla. Bd. of Regents, 807 F.2d 901, 905 (11th Cir. 1987).  "A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles [of] general [state] contract law."  *See id.* (citing Wong v. Bailey, 752 F.2d 619, 621 (11th Cir. 1985)).  "Words in a contract are to be given their plain and ordinary meaning, and it is not for the court to add or subtract any language from the face of a clearly worded agreement."  Schwartz, 807 F.2d at 905 (citing Robin v. Sun Oil Co., 548 F.2d 554, 557 (5th Cir. 1977)).  The court is not permitted to add terms to a settlement that were not contemplated by the parties.  *See* Schwartz, 807 F.2d at 905 (citing Fla. Educ. Ass'n, Inc. v. Atkinson, 481 F.2d 662, 663 (5th Cir. 1973)).  "The court's role is to determine the intention of the parties from the language of the agreement, the apparent objects to be accomplished, other provisions in the agreement that cast light on the question, and the circumstances prevailing at the time of the agreement." Schwartz, 807 F.2d at 905 (citing J & S Coin Operated Machines, Inc. v. Gottlieb, 362 So. 2d 38, 39 (Fla. 3d DCA 1978)).  *See also* Blalock v. Dale County Bd. of Educ., 33 F. Supp. 2d 995, 998 (M.D. Ala. 1998) (describing the same analysis of a Title VII settlement agreement and citing Schwartz).

In the instant case, the plain and ordinary meaning of the Parties' settlement agreement is obvious from the face of the agreement.  Paragraph 2(d) requires Defendant to "[r]emove witness statements from the Supervisor's Record of Employee that were provided to support the counseling issued on 29 April 2003" (Doc. 1, Tab 4 at 1).  This clear and unambiguous language requires only that Defendant remove the referenced witness statements; it does not require Defendant to authenticate the material's removal through the affidavit of an uninterested party (*see, e.g.*, Doc. 1,

Tab 4 at 1, ¶ 5 (standard merger clause establishing the settlement agreement as the complete agreement of the Parties)).  Defendant has supplied the uncontested affidavit of Capt. Karns stating that he "personally removed all witness statements from the Supervisor's Record of [Plaintiff] that were provided to support the counseling issued on 29 Apr [sic] 03" (Doc. 8, Ex. 6 at 2).  Plaintiff has made no allegation and has submitted no arguments that tend to call this affidavit into material dispute.  Thus, Defendant is entitled to summary judgment on Plaintiff's paragraph 2(d) claim.  *See* Walker, 911 F.2d at 1577 (citing Anderson, 477 U.S. at 252) (explaining that a mere scintilla, which is of a greater quantity than Plaintiff has supplied in the instant case, of evidence supporting Plaintiff's position will not suffice to demonstrate a material issue of genuine fact that precludes summary judgment).

Accordingly, it is respectfully **RECOMMENDED**:

That Defendant's Motion to Dismiss (Doc. 8), construed as a motion for summary judgment, be **GRANTED**.

At Pensacola, Florida this 21st day of May 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**